PER CURIAM.
 

 A. Duda and Sons, Inc., (“Duda”), appeals from a final order of the St. Johns River Water Management District, (“District”), adopting the recommended order of an administrative law judge, (“ALJ”), of the Division of Administrative Hearings, who agreed with the District’s staff position that Duda should be required to apply for necessary after-the-fact permits for certain enforcement ditches. We affirm in part, reverse in part, and remand for additional proceedings consistent with this opinion, and with our opinion in
 
 A. Duda, and Sons, Inc. v. St. Johns River Water Management District,
 
 17 So.3d 738 (Fla. 5th DCA 2009)
 
 (“Duda I
 
 ”).
 

 The relevant factual history is explained in
 
 Duda I.
 
 In that case, Duda challenged the District’s rules and policies interpreting the agricultural exemption contained in section 373.406(2), Florida Statutes. The panel in
 
 Duda I
 
 agreed, in part, that the District had incorrectly interpreted the statute. In this case, the ALJ applied the now-invalidated statutory interpretation to determine that Duda did not qualify for the agricultural exemption. Accordingly,
 
 *623
 
 this matter must be remanded for additional fact-finding so that the agricultural exemption can be applied consistently with the statute as explained in
 
 Duda I.
 

 [1]
 

 However,
 
 Duda I
 
 did not address the interplay between section 373.406(2) and language from the Warren S. Henderson Wetlands Protection Act, chapter 84-79, Laws of Florida, now codified at sections 403.927(2) & (4)(a), Florida Statutes. Those provisions virtually eliminate the agricultural exemption as it applies to alterations impacting wetlands. Under section 403.927, agricultural activities that impede or divert the flow of surface waters even incidentally are not exempt from regulation if they impact wetlands.
 
 Id.
 
 In the order on appeal, the District found that Duda’s enforcement ditches impacted at least 500 acres of wetlands, a finding clearly supported by competent, substantial evidence. Accordingly, it appears that the District’s ultimate conclusion that Duda must either restore the impacted wetlands or apply for after-the-fact permits is correct at least with respect to that portion of the ditch system impacting wetlands.
 
 [2]
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR ADDITIONAL PROCEEDINGS.
 

 GRIFFIN, TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . Duda reads a portion of the final order as determining that the "predominant purpose” of the enforcement ditches is to control groundwater (as the term "predominant” is defined in
 
 Duda I).
 
 If true, this would preclude application of the agricultural exemption with respect to any ditch not impacting wetlands. However, the findings referenced by Duda in support of this argument appear to us to be discussing Duda's subjective reason for digging the ditches, which is irrelevant to the statutory analysis, as explained in
 
 Duda I.
 

 [2]
 

 . To aid the parties on remand, we note that we find no merit to Duda's arguments that the ALJ applied an incorrect evidentiary standard or improperly shifted the burden of proof. We also reject Duda’s arguments relating to various legal defenses raised as a bar to the District's enforcement action.